CASE 103—ACTION FOR DAMAGES FOR DELAYED TELEGRAM— FEB. 24.

## Western Union Telegraph Co. v. Johnson.

APPEAL FROM WARREN CIRCUIT COURT.

TELEGRAPH COMPANIES—NEGLIGENCE—NIGHT OFFICES.—Telegraph companies have the right to prescribe a rule that offices shall not be open for business at night where the amount of business does not justify keeping a messenger on duty at night. And where it appears that a telegram was received for transmission at night, it was error not to instruct the jury that the company was not liable for negligence in failing to deliver the message at night.

RICHARDS, BASKIN & RONALD, WRIGHT & McELROY AND GEO. H. FEARONS FOR THE APPELLANT.

W. E. GARTH FOR APPELLEES.

(Transcript and briefs withdrawn from the Clerk's office.)

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

A sister of appellee died near Franklin, Kentucky, during the evening of the 17th of March, 1895; and at about ten o'clock of that night the husband of the dead woman caused a telegram to be sent to appellee, who lived at Bowling Green, Kentucky, informing her of the death of her sister.

The sender was informed by the appellant's opera-

tor that the message could not be sent until the morning of the 18th, because there was no night office at the place of delivery. On the next morning the operator at Franklin tried to send the message, but for some reason could not get Bowling Green, and finally had the operator of the Postal Telegraph Company to forward it. It reach⌐d the appellee at about noon on the 18th, and too late for her to take the noon train for Franklin, near which latter place the burial of the sister occurred on the afternoon of the 18th. Because of the delay in getting this message, appellee claims, she was prevented from attending the burial of her sister, and has recovered a judgment for $300 against the company.

Under the instructions of the court, the jury was authorized to find a verdict against the company if its agent did not forward the message within a reasonable time after receiving it, but, on the contrary, "negligently kept said message until the next day."

Under the contract, as shown in the evidence of the sender, the telegram was received with the express stipulation that it could not be forwarded until next day; and, as the rule as to closing small offices at night is a reasonable one, there was no negligence in not forwarding this message until next morning. The verdict may be based on the supposed negligence that night.

On a return of the case, the delay in forwarding the message occurring during the night of the 17th until the usual morning hour for opening appellant's office for business should be excluded from consideration, and a recovery be permitted only if there was negligence in forwarding the message on the morning of the 18th. The trial seems to have been conducted without other error or irregularity.

But, for the reason given, the judgment is reversed for proceedings consistent with this opinion.